## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————— ) | |
| AQUALLIANCE, a Not-for-Profit ) | Case No. 16-1504 |
| Corporation, 539 Flume Street, ) | |
| Suite 200, Chico, CA 95928, ) | |
| ) | |
|     Plaintiff, ) | **COMPLAINT FOR** |
| v. ) | **DECLARATORY AND** |
| ) | **INJUNCTIVE RELIEF** |
| UNITED STATES FISH AND ) | |
| WILDLIFE SERVICE, 1849 C St. ) | |
| NW, Washington, D.C. 20240; and ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR, 1849 C St. NW, ) | |
| WASHINGTON, D.C. 20240, ) | |
| ) | |
|     Defendant. ) | |
| ————————————————) | |

## I. INTRODUCTION

1. The Defendants United States Fish and Wildlife Service (FWS) and the United States Department of the Interior (DOI) have violated the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), by unlawfully failing to respond to a FOIA appeal, and by unlawfully withholding records requested by AquAlliance regarding the Giant Garter Snake under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5).  This lawsuit requests an order declaring that FWS and DOI have violated FOIA, and enjoining them to provide AquAlliance with the records it has requested.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

### III. PARTIES

4. Plaintiff AQUALLIANCE is a not-for-profit organization dedicated to defending northern California waters and to challenging threats to the hydrologic health of the northern Sacramento River watershed, including its wildlife.  To that end, it has requested records from the Service seeking information on the Giant Garter Snake which lives in this watershed.

5. Defendant UNITED STATES FISH AND WILDLIFE SERVICE is a federal agency within the Department of Interior.  The Service is responsible for responding to FOIA requests submitted to it, and so is sued as a Defendant in this action.

6. Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is a cabinet-level agency.  DOI is responsible for responding to FOIA appeals submitted to it regarding appeals of FOIA requests denied by agencies within DOI, and so is sued as a Defendant in this action.

7. The Defendants' violations of law have denied Plaintiff the information to which it is entitled, and Plaintiff and its members are injured by its inability to protect the Giant Garter Snake, and by the deprivation of government information to which they are entitled.

## IV. FACTS AND LAW

8. On December 28, 2015, AquAlliance wrote to FWS with a records request

for the following:

> AquAlliance seeks a copy of the Giant Garter Snake ("GGS") recovery plan
> prepared by the Sacramento Field office of the U.S. Fish and Wildlife Service
> ("Service"), which contained the best available science and was approximately
> 300 pages in length before it was transmitted to the Regional Office.

The Agency received this request on January 5, 2016.

9. The agency did not respond within the statutory 20 working day deadline

of FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).

10. However, the agency responded on March 9, 2016.  The response stated:

> Our search for responsive materials has revealed one (1) document that
> consists of two hundred eighty nine (289) individual pages.
>
> This document is being withheld under FOIA exemption (b)(5), as it is a
> draft document containing deliberative process information.  The decision to
> withhold this draft is based on the assessment that its premature release
> would lead to public confusion.  The information contained in this document
> is subject to change upon review by decision makers within the U.S. Fish and
> Wildlife Service (FWS) that have not yet reviewed the material.  The release
> of this premature information could lead public and private entities taking
> action in reliance upon ideas and recommendations that may never attain the
> approval of the FWS.  Therefore, the FWS respectfully withholds these
> documents under the deliberative process privilege exemption (b)(5) of the
> FOIA.

11. AquAlliance timely appealed this decision to the DOI FOIA appeals office

on April 6, 2016, via both email and U.S Certified Mail.  The appeal stated:

> The draft recovery plan was withheld under the deliberative process
> privilege of FOIA Exemption 5. However, to qualify for withholding the
> deliberative process privilege, a document must be both (1) "predecisional" or
> "antecedent to the adoption of agency policy," and (2) "deliberative," meaning
> "it must actually be related to the process by which agency policies are

formulated." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978). The denial did not make the case that these factors apply, and so the recovery plan should be released in whole.

However, even if the agency can show these factors apply to some portions of the document, other portions should be released. Even if a document is generally considered "predecisional" and "deliberative," the (b)(5) exemption does not apply to portions of the document that are purely factual. These portions "must be segregated out a released." *EPA v. Mink*, 410 U.S., 73, 91 (1973) (recognizing a distinction only between "materials reflecting deliberative or policy-making processes … and [materials that are] purely factual"). "The deliberative process privilege does not protect factual information, even if such information is contained in an otherwise protectable document, as long as the information is severable." *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 854 (3d Cir. 1995); *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (explaining that factual portions of documents covered by the deliberative process privilege must be segregated and disclosed under FOIA).

FWS released a Draft Recovery Plan for the Giant Garter Snake in 1999. *See* http://ecos.fws.gov/speciesProfile/profile/speciesProfile.action?spcode=C057 The draft recovery plan, like all recovery plans, has large portions that are purely factual. We believe the withheld documents must have similar, severable factual information. For example, the sections of the draft recovery plan that discuss the giant garter snakes' "description and taxonomy" (pgs. 3-7) "distribution" (pgs. 7-12), "life history and ecology" (pgs. 12-22), "habitat and ecosystem description" (pgs. 22-25), "reasons for decline and current threats" (pgs. 25-30), "conservation measures" (pgs. 30-36), "national wildlife refuges, state wildlife areas and other wetland conservation efforts descriptions" (pgs. 36-40) and "ricelands and agricultural waterways as giant garter snake habitat" (pgs. 40-41) are all factual portions that are not intertwined with potentially deliberative portions of the document. In fact, recovery plans are formatted in a way that separates the factual information from the potentially deliberative portions of the document, including the sections dealing with the recovery strategy, objectives, and priorities.

The draft recovery plan that AquAlliance seeks is likely similar, if not exactly the same, in its structure as the 1999 draft recovery plan. Because the format of recovery plans typically distinguishes factual information from potentially deliberative determinations, the two are not intertwined. It should be relatively simple for FWS to redact the parts of the recovery plan that are both predecisional and deliberative and release the factual portions of the document.

      For these reasons, the entire draft recovery plan, or at least portions of it, should be released. I look forward to your response.

12. The FWS did not respond within the 20 working day statutory deadline, which was May 4, 2016. *See* 5 U.S.C. § 552(a)(6)(A)(ii).  On or about June 6, 2016, AquAlliance Executive Director Barbara Vlamis telephoned the DOI's Office of the Solicitor to inquire as to the status of the appeal and left a voicemail message, but that call was never returned.  On or about June 14, 2016, Ms. Vlamis also telephoned Jan Knight, the FWS Deputy Field Supervisor who denied the FOIA request and who provided her phone number in the denial letter, to inquire as to the status of the appeal and left a voicemail message.  On June 24, 2016 Ms. Knight returned the call and said she would inquire as to the status of the appeal, then later called Ms. Vlamis back and left a voicemail message stating that all the agencies could determine is that they were busy.  Then, on July 3, 2016, Ms. Vlamis sent an email to the DOI FOIA appeal office inquiring about the status of the appeal, to which the agency never responded.

## V. CLAIMS FOR RELIEF

### Claim One: Failure to Meet the Appeal Response Deadline

13. The above paragraphs are incorporated here by reference.

14. FOIA states: "Each agency, upon any request for records …, shall— … (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A).  That deadline expired May 4, 2016, but DOI did not make a

determination by that date, and as of the filing of this complaint has still not made such a determination.

15. Accordingly, FWS and DOI have violated FOIA.

## Claim Two: Improper Claim of Exemption 5

16. The above paragraphs are incorporated here by reference.

17. FOIA Exemption 5 applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §§ 552(b)(5). This includes the "deliberative process" privilege. However, that privilege does not apply to all or a substantial portion of the requested document, for reasons stated in Paragraph 11 above.

18. Accordingly, FWS and DOI have violated FOIA by unlawfully withholding agency records.

## VI. REQUEST FOR RELIEF

FOR THESE REASONS, the Plaintiff respectfully requests that this Court enter judgment providing the following relief:

1. Declare that Defendants violated FOIA by failing to respond to Plaintiff's FOIA appeal, and by improperly withholding agency records;

2. Direct by injunction that Defendants provide the Plaintiff with the records it has requested, including those withheld under Exemption 5;

3. Grant the Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

4. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED July 22, 2016.

$\underline{\quad \text{/s/Matt Kenna} \quad}$
Matt Kenna, D. D.C. Bar # CO0028
Public Interest Environmental Law
679 E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 385-6941
matt@kenna.net

Attorney for Plaintiff